101 F.3d 106
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Joseph G. VECCHIO, Jr., Plaintiff, Appellant,
v.
Angelo LaMONICA, Individually and As Chief of Police of the
Winthrop Police Department, Defendant, Appellee.
 No. 96-1338.
 United States Court of Appeals, First Circuit.
 Oct. 17, 1996.
 
 Paul J. Klehm with whom James B. Krasnoo was on brief for appellant.
 Bradford N. Louison with whom Merrick & Louison was on brief for appellee.
 Before CYR, Circuit Judge, BOUDIN, Circuit Judge, and PONSOR, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Joseph Vecchio brought suit under 42 U.S.C. § 1983 against Angelo LaMonica, the chief of police of the Winthrop Police Department. The district court granted summary judgment for LaMonica on all the federal claims and remanded Vecchio's two remaining state law claims to state court. We affirm.
 
 
 2
 The primary target of Vecchio's suit was LaMonica's administrative action in suspending Vecchio's gun license--a matter typically challenged and resolved through state remedies. This occurred because of Vecchio's alleged failure to comply with a state statutory requirement that he give notice of his change of address. Although Vecchio says that the state statute has been misconstrued, state remedies exist to redress any such mistake, and nothing here points to a constitutional violation. See Cross v. Cunningham, 87 F.3d 586, 589 (1st Cir.1996).
 
 
 3
 Vecchio has also asserted, as a civil rights violation, what appears to be a garden-variety defamation claim concerning the posting in the police station of an anonymous letter that accuses Vecchio of dealing drugs. But there was no evidence before the district court to show that this letter was created by, or at the direction of, LaMonica. Thus, summary judgment was properly granted even assuming (dubitante ) that any constitutional claim might otherwise be stated.
 
 
 4
 Despite the spirited efforts of LaMonica's counsel on appeal, we are satisfied that nothing in this case even remotely approaches the type of government conduct that gives rise to a section 1983 action for due process violations.
 
 
 5
 Affirmed.